USCA1 Opinion

 

 [NOT FOR PUBLICATION] [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT _________________________ Nos. 97-1681 97-1682 UNITED STATES OF AMERICA, Appellee, v. FRANK RICHARD MERLINO, Defendant, Appellant. _________________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Steven J. McAuliffe, U.S. District Judge] ___________________ _________________________ Before Selya and Boudin, Circuit Judges, ______________ and Dowd,* Senior District Judge. _____________________ _________________________ Bjorn Lange, Assistant Federal Defender, for appellant. ___________ Jean B. Weld, Assistant United States Attorney, with whom _____________ Paul M. Gagnon, United States Attorney, was on brief, for the _______________ United States. _________________________ November 12, 1997 _________________________ _______________ *Of the Northern District of Ohio, sitting by designation. Per Curiam. In these sentencing appeals there are Per Curiam. __________ two, but they may for practical purposes be treated as a single unit defendant-appellant Frank Richard Merlino challenges the district court's use of an upward departure under USSG 4A1.3 (Nov. 1992). By order dated October 9, 1997, we directed the district court to file a written report amplifying the basis for the extent of the departure. The court promptly complied. We then afforded the parties an opportunity for supplemental briefing. We have carefully examined the record, including but not limited to the presentence investigation report, the transcript of the sentencing hearing, and the district court's supplementary report of its departure findings. We have also studied the parties' briefs, entertained oral argument, and consulted the applicable legal authorities. This review persuades us beyond serious question that the district court had both a solid factual basis for concluding that Merlino's criminal history score substantially underrepresented his criminal past and a sound legal basis for the ensuing upward departure. See ___ United States v. Brewster, No. 97-1448, slip op. at 16-18 (1st _____________ ________ Cir. Oct. 2, 1997) (describing requirements for invoking USSG 4A1.3); United States v. Black, 78 F.3d 1, 9-10 (1st Cir. 1996); _____________ _____ United States v. Aymelek, 926 F.2d 64, 73 (1st Cir. 1991) ______________ _______ (similar). Our review also convinces us that the district court followed the proper protocol and did not abuse its discretion in determining the extent of the departure. See Brewster, supra, ___ ________ _____ 2 slip op. at 20-23 (discussing reasonableness requirement for such departures); United States v. Hardy, 99 F.3d 1242, 1253 (1st Cir. _____________ _____ 1996) (similar). Because these determinations are heavily influenced by the particular facts of Merlino's case, we do not think that a detailed discussion would serve a useful purpose. From the very inception of the federal sentencing guidelines, we have cautioned that "[s]entencing appeals prosecuted . . . in the tenuous hope that lightning may strike ought not to be dignified with exegetic opinions, intricate factual synthesis, or full-dress explications of accepted legal principles." United States v. Ruiz-Garcia, 886 _____________ ___________ F.2d 474, 477 (1st Cir. 1989). We then wrote, in words that have particular pertinence today: "Assuredly, a criminal defendant deserves his day in court; but we see no purpose in wasting overtaxed judicial resources razing castles in the air." Id. ___ We need go no further. This case which presents no fairly debatable question is a paradigmatic example of an instance in which summary disposition is appropriate. Affirmed. See Loc. R. 27.1. Affirmed. See Loc. R. 27.1. ________ ___ 3